**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

SHARON LYNCH and )
MELBA TRUMBO )
       )
    Plaintiffs-Below/Appellants, )
       )
         v. )     C.A. No. CPU4-14-001733
       )
ARPAD LEHEL SZABO, )
       )
    Defendant-Below/Appellee. )

Submitted: June 2, 2015
Decided: June 15, 2015

| Ms. Sharon Lynch | Ms. Melba Trumbo | Mr. Arpad Lehel Szabo |
|---|---|---|
| 47 LaSalle Avenue | 28 LaSalle Avenue | 7340 71st Place |
| New Castle, DE 19720 | New Castle, DE 19720 | Glendale, NY 11385 |
| *Pro Se Appellant* | *Pro Se Appellant* | *Pro Se Appellee* |

## MEMORANDUM OPINION AND ORDER

The instant matter is an appeal *de novo* brought pursuant to 10 *Del. C.* § 9570 *et. seq.* from the Justice of the Peace Court. Trial was scheduled for May 18, 2014. Prior to trial, it came to the Court's attention that there may be a potential jurisdictional defect on this appeal *de novo* due to a violation of the "mirror image rule," required by 10 *Del. C.* § 9570 *et. seq.* and Court of Common Pleas Civil Rule 72.3(f). The Court ordered both parties to submit letters to the Court and show cause as to why the Court should not dismiss the matter for this violation of the mirror image rule. This is the Court's final Decision and Order.

## I. The Complaint in the Justice of the Peace Court

On February 6, 2014, Plaintiffs-Below/Appellants Sharon Lynch and Melba Trumbo (collectively, "Appellants") filed a Complaint in the Justice of the Peace Court ("Complaint Below") against Defendant-Below/Appellee Arpad Lehel Szabo ("Appellee"). In the Complaint Below, Appellants allege the following:

> March 2013. Defendent [sic] sold a 2000 VW Beetle to Plaintiffs. He committed fraud and elder abuse by lying about the condition and mileage of the car. He stated car [sic] was in good running condition with 131,000 miles. According to my licensed mechanic[,] car has over 258,000 miles and is not safe to drive.[1]

Moreover, Appellants sought damages $3,050 for "the amount of money claimed," as well as $10,276.86 for "DMV costs, tolls, gas, insurance, punitive damages – fraud, elder abuse, defamation of character," plus court costs in the amount of $35.00.[2] In the aggregate, the amount of damages that Appellants sought in the Complaint Below totaled to $13,361.86.

## II. The Complaint on Appeal in the Court of Common Pleas

On July 7, 2014, Appellants filed a Notice of Appeal and the Complaint on Appeal in this Court. In the Complaint on Appeal, Appellants allege the following:

> [In] April 2013[,] Plaintiffs purchased a car from the defendent [sic]. The defendent [sic] misrepresented the condition of the car and he also lied about the mileage, stating [that the] car [was] in good running condition and [that the] mileage [was] 131,000. [The] car is not safe to drive and has more than 258,000 miles. Plaintiffs, therefore, ask the Court to award Plaintiffs the cost of the car[,] $3,050[,] plus expenses such as[,] but not limited to[,] court costs and interest, insurance $1,092.

In total, the total amount of damages that Appellants seek in the Complaint on Appeal amounts to $4,142.00.

---

[1] Appellants' Complaint Below.

[2] *Id.*

## III. <u>The Mirror Image Rule</u>

Section 9571 of Title 10 of the Delaware Code governs appeals from the Justice of the Peace Court. This statute imposes mandatory and jurisdictional requirements on parties to an appeal.[3] Under 10 *Del. C.* § 9571(f), the Court has the authority to establish rules that set forth appeal procedures.[4] These Court rules "are afforded the same status as the statute," and therefore, failure to comply with any requirements imposed by these rules will divest the Court of its subject matter jurisdiction to hear the appeal.[5]

Court of Common Pleas Civil Rule 72.3 governs appeals from Justice of the Peace Court. Under Rule 72.3, all appeals from the Justice of the Peace are reviewed *de novo*, meaning "a trial anew."[6] Rule 72.3(f) also codifies the common law mirror image rule and provides, in pertinent part, "[a]n appeal to this court that fails to join the identical parties and raise the same issues that were before the court below shall result in a dismissal on jurisdictional grounds."[7] This rule protects the parties' right to a fair trial *de novo*, ensuring that "all relevant issues that could be presented can be heard."[8] A party satisfies the mirror image rule when the complaint on appeal "presents no parties or issues other than those *presented by the original complaint below.*"[9]

In this case, the Court lacks jurisdiction over Appellants' appeal because Appellant failed to comply with the mirror image rule under Rule 72.3(f). Appellants raise a number of

---

[3] *Deysher v. Mid-Atlantic Systems of DPN, Inc.*, 2011 WL 6946969 at *2 (Del. Com. Pl. Dec. 20, 2011).

[4] 10 *Del. C.* § 9571(f).

[5] *Tiger Roofing, Inc. v. Schwamman*, 2011 WL 6947609 at * 2 (Del. Com. Pl. Dec. 13, 2011).

[6] *Wilson v. B & R Transporters, Inc.*, 1994 WL 381001 at *2 (Del. Super. June 10, 1994).
[7] CCP Civil Rule 72.3(f).

[8] *Fossett v. DALCO Construction Co.*, 2004 WL 1965141 at *1 (Del. Aug. 20, 2004).

[9] *Ceccotti v. Leight*, 2007 WL 707552 at *1 (Del. Com. Pl. Feb. 23, 2007) (citing *Silverview Farm, Inc. v. Laushey*, 2006 WL 1112911 at *4 (Del. Com. Pl. April 26, 2006) (emphasis added).

allegations in the Complaint Below that they did not raise in the Complaint on Appeal. In the Complaint Below, Appellants allege that Appellee committed fraud, elder abuse, and defamation, and seek $13,361.86 in damages. In the Complaint on Appeal, Appellants do not allege elder abuse or defamation, nor do they seek $13,361.86 in damages; instead, in the Complaint on Appeal, Appellants allege that Appellee made misrepresentations about the vehicle in question, and seek $4,142.00 in damages. The Complaint on Appeal does not present the same issues that were presented in the Complaint Below. Although Appellants allege that the underlying event (Appellee selling the vehicle to Appellants) occurred, Appellants claims and allegations against Appellee in the Complaint on Appeal are not identical to the claims and allegations in the Complaint Below.

This case illustrates the callousness and complexities of Court of Common Pleas Civil Rule 72.3(f) and the mirror image rule. While some Delaware courts have described the mirror image rule as "old-fashioned and harsh,"[10] courts have also recognized it "as being protective of parties' rights and obligations in the context of a trial *de novo*,"[11] which is why "courts have adhered to the rule since it was first stated 152 years ago."[12] Although litigation within this appeal has been ongoing for over a year, the Court cannot simply ignore its jurisdictional limits imposed by the General Assembly in 10 *Del. C.* § 9570 *et. seq.* nor can the Court disregard its own rules governing appellate procedures.

---

[10] *Morgan v. Swain*, 2009 WL 3309173, at *3 (Del. Super. Sept. 17, 2009) (quoting *Fossett v, DALCO Construction Co.*, 2003 WL 22787844 (Del. Super. Ct. 2003), *aff'd* 2004 WL 1965141 (Del. 2004).

[11] *Id.* (*citing Fosset*, 2004 WL 1965141 at *1).

[12] *Id.* (*citing McDowell v. Simpson*, 1857 WL 1024 (Del. Super. 1857)).

4

## IV. Order

For the foregoing reasons, the Court finds that the Complaint on Appeal violates the mirror image rule pursuant to Court of Common Pleas Civil Rule 72.3(f). Therefore, the Court does not have jurisdiction over the appeal, and it must be dismissed.

**IT IS SO ORDERED** this 15th day of June, 2015.

_____
John K. Welch
Judge

Cc: Ms. Tamu White, Civil Case Manager

5